**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

**In re:**
**NOEL SALVADOR MOJICA,**                                     Chapter 7
**NANCY MARIE MOJICA,**
      **Debtors.**                                                       Case No. 15-50128


**JAMES GARDNER DENNIS,**
      **Plaintiff,**

**v.**                                                                              Adv. P. No. 15-05011

**NANCY MARIE MOJICA,**
      **Defendant.**

**MEMORANDUM OPINION**

Before the Court are the defendant's motion to dismiss the plaintiff's second amended complaint in this adversary proceeding pursuant to Rule 12(b)(6)[1], and the plaintiff's response in opposition. ECF Doc. Nos. 25, 26. The Court held a hearing on the above matters on November 18, 2015, when counsel for the defendant, Nancy Marie Mojica ("Mojica"), and the plaintiff, James Gardner Dennis ("Dennis"), presented arguments in support of their respective positions. Following the hearing, the Court took the matters under advisement. For the reasons set forth below, the Court concludes that Dennis has failed to plead a claim upon which relief can be granted.

**FINDINGS OF FACT**

On April 16, 2008, Dennis granted Mojica[2] a general power of attorney over all his personal and financial affairs.[3] ECF Doc. No. 26-4. On its face, this power of attorney gave

---

[1]     Rule 7012 incorporates Rules 12(b)–(i) of the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 7012(b). To simplify matters, for the remainder of this Memorandum Opinion the Court will only reference Rule 12(b)(6).

[2]     The debtor was known as Nancy Marie Martin when Dennis appointed her his attorney-in-fact.

Mojica unfettered discretion to borrow money in Dennis's name and to use and liquidate his personal assets. *Id.* Through February 2009, Mojica used this power of attorney to do just that as she moved over $287,000 of Dennis's personal assets into her own name.

Dennis and Mojica married sometime after Mojica transferred Dennis's money into her own accounts, and the parties divorced in 2013.[4] On January 4, 2013, Dennis filed a *pro se* suit against Mojica in Augusta County Circuit Court, seeking over $287,000 in damages and asserting claims for breach of fiduciary duty and breach of contract. ECF Doc. No. 11-5. In a July 2, 2013 letter opinion, The Honorable Victor V. Ludwig, Judge, ruled that Dennis's breach of fiduciary duty claim was barred by the two-year statute of limitations and that Virginia's limited statutory tolling provisions were inapplicable. *Id.* at 4. Judge Ludwig also sustained Mojica's demurrer[5] on the breach of contract count but granted Dennis leave to amend. *Id.*

Dennis timely amended his state court complaint,[6] adding a claim for conversion[7] in addition to the breach of contract count.[8] ECF Doc. No. 23-1. In his March 27, 2014 letter opinion, Judge Ludwig concluded that Dennis was entitled to an opportunity to conduct discovery and produce the written contract he alleged existed. ECF Doc. No. 11-10 at 1, 5.

---

[3]  Dennis was incarcerated at the time and remains incarcerated to date.

[4]  Neither party provided the Court with the date of marriage, although they agreed that the wedding took place after February 2009.

[5]  A demurrer is Virginia's version of a Rule 12(b)(6) motion. *See Kellermann v. McDonough*, 684 S.E.2d 786, 788 (Va. 2009); *Glazebrook v. Bd. of Supervisors*, 587 S.E.2d 589, 591 (Va. 2003).

[6]  Although Dennis amended his complaint without the assistance of counsel, the Court notes that Judge Ludwig sent a copy of his July 2, 2013 letter opinion to Dale R. Jensen, Dennis's counsel in this nondischargeability proceeding. It is unclear from the record when Mr. Jensen noted his appearance as counsel for Dennis in the state court suit.

[7]  In his July 2, 2013 letter opinion, Judge Ludwig hinted that Dennis's allegations "appear to support a claim for [conversion]." ECF Doc. No. 11-5 at 5.

[8]  Dennis retained his fiduciary duty allegations in his amended complaint, but in his March 27, 2014 letter opinion Judge Ludwig wrote that he would not allow Dennis "to disguise as a contract claim what is no more than a claim for a breach of fiduciary responsibility, which the Court has already ruled is barred by the statute of limitations." ECF Doc. No. 11-10 at 5.

Before the state court lawsuit could be resolved, Mojica and her current husband filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 7, 2015. Among her personal liabilities, Mojica disclosed Dennis's pending state court action against her. Mojica described her debt to Dennis as contingent, unliquidated, and disputed, and listed this debt as an unsecured, nonpriority claim on Schedule F. Dennis timely initiated this adversary proceeding on April 20, 2015, seeking to except his debt from Mojica's discharge. On September 29, 2015, Dennis filed his second amended complaint, which is the complaint pending before the Court. ECF Doc. No. 23. As his lone exhibit, Dennis attached a copy of his amended state court complaint. In his second amended complaint, Dennis seeks to have the debt Mojica owes him excepted from discharge under two sections of the Bankruptcy Code. First, Dennis states that this debt should be nondischargeable pursuant to section 523(a)(4) as the result of Mojica's defalcation while acting in a fiduciary capacity. In the alternative, Dennis asks the Court to find that this debt is excepted from discharge pursuant to section 523(a)(6) because it is the result of willful and malicious injury Mojica inflicted to his property.[9]

At the core of his complaint, Dennis alleges that from January 2008 to February 2009, Mojica abused her authority under the power of attorney by committing defalcation while serving as his fiduciary and by willfully and maliciously converting his property for her personal use. Dennis states that he never gave Mojica his express permission to liquidate his various accounts and claims that she only accounted for a scant portion of the money. At no point, however, in his pleadings or oral arguments did Dennis state that Mojica provided him with false accounting reports or attempted to mislead him in any way about the state of his finances.

---

[9] Although the state court complaint seeks over $287,000 in damages for conversion and breach of contract, Dennis's second amended complaint only asks the Court to declare the harm stemming from conversion, slightly more than $232,500, excepted from discharge. ECF Doc. No. 23 at 4.

3

Indeed, Dennis claims that Mojica never told him she made the various transfers out of his personal accounts and that he only found out about the drastic reduction in his personal wealth during divorce proceedings.[10]

Mojica responded with a motion to dismiss Dennis's second amended complaint for failure to state a claim for which relief can be granted under either section 523(a)(4) or (a)(6). Pointing out that Dennis's complaint failed to state a plausible claim pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Mojica argued that Dennis failed to plead the required scienter under either count and that the debt was dischargeable.[11]  Dennis filed a response in opposition, to which he attached the following documents for the first time: his declaration; the power of attorney; an excerpt from a deposition transcript during the parties' divorce proceeding in 2013; and multiple financial documents revealing Mojica's manipulation of funds in his various accounts during the critical dates.  *See* ECF Doc. No. 26 (submitting declaration and seven exhibits).  At the November 18, 2015 hearing the Court took the matters under advisement.

## JURISDICTION

Mojica is a debtor in this Court.  The Court has subject matter jurisdiction under 28 U.S.C. § 1334(a) and authority to hear the case under 28 U.S.C. § 157(a), with the delegation made to this Court by Order of Reference from the District Court entered on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia.  The Court is faced with the question whether Dennis has stated a plausible claim in his

---

[10]     At oral argument, counsel for Dennis explained that his client found out about Mojica's numerous transfers during his divorce proceedings from his first wife, in which their property distribution occurred sometime after that divorce decree.  As with the somewhat murky details surrounding Dennis's marriage to Mojica, the Court is unaware when Dennis discovered the transfers out of his accounts.  The exact time of discovery, however, is immaterial because January 4, 2013, the date Dennis filed his complaint, controls the Court's analysis.

[11]     Mojica did not mention the statute of limitations defense in her present motion, although her counsel asserted it in his oral argument.  Mojica had raised the statute of limitations defense in a prior motion for summary judgment. ECF Doc. No. 12.  Because Mojica has never filed an answer in this adversary proceeding, she timely raised the statute of limitations defense, and the Court will consider it.

4

second amended complaint that the debt Mojica owes him is nondischargeable under either section 523(a)(4) or (a)(6). This matter is a "core" bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(I).

## CONCLUSIONS OF LAW

(a) *Rule 12(b)(6) motions*

<u>Standard of review</u>

When evaluating a Rule 12(b)(6) motion to dismiss, a court must accept as true all of the plaintiff's well-pleaded factual allegations and view the complaint in the light most favorable to the non-moving party. *T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004). Because the motion challenges a complaint's sufficiency, the merits of claims or defenses are irrelevant to a court's analysis. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992); *see also Raub v. Bowen*, 960 F. Supp. 2d 602, 607 (E.D. Va. 2013) (explaining disputed facts are not resolved but viewed in favor of plaintiff).

Although a complaint need not assert "detailed factual allegations" to survive a Rule 12(b)(6) motion, it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The core test is whether the well-pleaded facts state a claim that is "plausible on its face," rather than speculative or merely conceivable. *Twombly*, 550 U.S. at 570.[12]

"A claim is 'plausible' when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Atkins v. FedEx Freight, Inc.*, No. 3:14CV505, 2015 WL 3444870, at *8–9 (E.D. Va. May 28, 2015) (citing

---

[12] Prior to *Twombly*, Rule 12(b)(6) motions were denied "unless it appear[ed] beyond doubt that the plaintiff cannot prove any set of facts to support her allegations." *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989).

*Twombly*, 550 U.S. at 556).  As long as the well-pleaded allegations of a complaint delineate a plausible claim for relief, a court "must deny a Rule 12(b)(6) motion to dismiss."  *Id.*  But a "court should grant a motion to dismiss where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct."  *Id.*; *see also Stambaugh v. Stambaugh* (*In re Stambaugh)*, 533 B.R. 449, 459 (Bankr. M.D. Pa. 2015) ("[L]egal conclusions should be buttressed by well pled facts . . . . [to] bridge the divide between a claim which is merely possible, and one that is plausible.").

Because a Rule 12(b)(6) motion challenges whether the plaintiff has pled a plausible claim for relief, the "Court's analysis at this stage is informed and constrained by the four corners of the Complaint."  *Raub*, 960 F. Supp. 2d at 604.  As a result, the plaintiff cannot supplement a deficient pleading by filing documents and adding facts in response to a motion to dismiss for failure to state a plausible claim.  In the event a court determines it is appropriate to consider matters outside the complaint in a motion to dismiss, Rule 12(d) requires that the defendant's motion to dismiss be treated as a motion for summary judgment.  *Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 281–82 (E.D. Va. 1995); *see also* Fed. R. Civ. P. 12(d) (affording a court the option to exclude documents outside the pleadings in order to rule on the motion to dismiss).

A court may consider certain documents outside the complaint when examining the legal sufficiency of a complaint pursuant to a motion under Rule 12(b)(6) without converting it into a motion for summary judgment.  *Gasner*, 162 F.R.D. at 282 (collecting cases).  Such documents beyond the four corners of the complaint must have been "integral to the complaint and authentic."  *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007); *accord Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir.1999) (stating it is proper to

6

consider documents "integral to and explicitly relied on in the complaint"); *see also Dittmer Props., L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013) (finding district court appropriately considered a power of attorney and partnership agreement in a motion to dismiss because they were referenced in the complaint and their authenticity was not disputed).

In addition to documents integral to the complaint, "a court may consider official public records . . . and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed," without converting a Rule 12(b)(6) motion into one under Rule 56. *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006) (per curiam) (citing *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001)) (unpublished decision). In effect, these documents become part of the pleadings. *Alt. Energy*, 267 F.3d at 33.

<u>Documents outside Dennis's complaint</u>

Dennis filed multiple documents with the Court for the first time when he submitted his response in opposition to Mojica's Rule 12(b)(6) motion. The Court concludes that it is proper to consider the power of attorney while evaluating whether Dennis's complaint can withstand a challenge under Rule 12(b)(6). Mojica has not disputed the authenticity of the power of attorney, and it is integral to and incorporated by reference in Dennis's complaint. The Court will exclude the remaining new documents pursuant to Rule 12(d). Dennis's declaration and the deposition transcript from the parties' divorce proceeding were not explicitly relied upon in the complaint, nor are they central to plaintiff's claim. As for the financial account histories, the Court concludes that they are cumulative of Dennis's well-pleaded factual allegations and add nothing to the Court's analysis of the matters.

With the foregoing guidance, the Court will examine each of Dennis's claims to see if they are plausible.

(b) *Section 523(a)(4) defalcation*

<u>Statute of limitations and tolling</u>

The statute of limitations for personal actions in Virginia, including a claim for breach of fiduciary duty, is two years. *See Singer v. Dungan*, 45 F.3d 823, 827 (4th Cir. 1995) ("[A] breach of fiduciary duty claim is personal in nature because it springs from the duty to deal honestly and fairly with fiduciaries."); *accord Williams v. Reynolds*, No. 4:06CV00020, 2006 WL 3198968, at *2 (W.D. Va. Oct. 31, 2006) (explaining that section 8.01-248 of the Code of Virginia sets the statute of limitations for breach of fiduciary duty claims, but not for claims for injury to property or for contract actions); *see also* Va. Code § 8.01-243(A) (two-year statute of limitations for fraud and personal injuries, "whatever the theory of recovery"); Va. Code § 8.01-248 (two-year statute of limitations for all personal actions "for which no limitations period is otherwise prescribed").

Even though fraud and defalcation actions often involve harm to property, in Virginia they are treated as personal injuries because the harm is perpetrated against the plaintiff and not his property. *Bader v. Cent. Fid. Bank*, 427 S.E.2d 184, 186 (Va. 1993); *c.f. id.* at 185 (applying five-year statute of limitations against bank that paid proceeds on checks with forged endorsements because no fraudulent acts alleged); *Williams*, 2006 WL 3198968, at *4 (finding that when plaintiff was fraudulently induced to transfer property to defendant, there was no consent to possession; thus the claim was not for a personal injury due to fraud and was instead an injury to property by conversion that fell within the five-year statute of limitations). What this means is that if the defendant commits fraud or defalcation after having lawful possession of the plaintiff's property, the harm is a personal one and the two-year limitations period applies.

Virginia allows for tolling of the statute of limitations, but only in specific circumstances. In pertinent part, the limitations will be tolled only when "the defendant had used any direct or indirect means to conceal the cause of action." *Newman v. Walker*, 618 S.E.2d 336, 339 (Va. 2005); *see also id.* (reaffirming actions are tolled because of fraudulent concealment when defendant acts with moral turpitude and "intend[s] to conceal the discovery of the cause of action by trick or artifice") (quoting *Richmond Redevelopment & Hous. Auth. v. Laburnum Const. Corp.*, 80 S.E.2d 574, 582 (Va. 1954)).

A defendant who has made misrepresentations designed to mislead the plaintiff and delay him from filing suit will be equitable estopped from relying on the statute of limitations defense. The plaintiff carries a high burden, however, because equitable estoppel must be shown by "clear, precise, and unequivocal evidence." *Boykins Narrow Fabrics Corp. v. Weldon Roofing & Sheet Metal, Inc.*, 266 S.E.2d 887, 890 (Va. 1980); *see also T. v. T.*, 224 S.E.2d 148, 152 (Va. 1976) ("Elements necessary to establish equitable estoppel, absent a showing of fraud and deception, are a representation, reliance, a change of position, and detriment."). But when the defendant has not "made any representation, or committed any affirmative act, which was reasonably calculated to induce, or which did in fact induce, [plaintiff] to refrain from filing suit," then equitable estoppel is unavailable to save a complaint filed after the statute of limitations expired. *Boykins Narrow Fabrics*, 266 S.E.2d at 890.

<u>Dennis's section 523(a)(4) count is barred by the statute of limitations</u>

By the time Dennis filed suit in state court on January 4, 2013, more than four years had elapsed since Mojica made the 2008 transfers—which represent the overwhelming majority of the alleged debt—and more than three years had passed since the Mojica completed the 2009

transfers. Virginia's two-year statute of limitations for malfeasance by a fiduciary is thus fatal to Dennis's claim.[13]

Virginia's statutory tolling provisions are unavailable to Dennis. At no point in his complaint or oral arguments did Dennis state that Mojica misled him regarding his finances, provided him with false and deceptive records, or in any way deluded him into thinking his finances were secure in order to stall him from bringing a lawsuit against her. Dennis has set forth no evidence at all that Mojica deployed any direct or indirect means to conceal the cause of action, or used trick or artifice to keep Dennis from discovering the depletion of his assets. What is more, Dennis has also failed to point out any instances of his detrimental reliance on any of Mojica's actions that could have been reasonably calculated to induce his reliance.

The Court finds that Dennis made no attempts to inquire about his finances and is thus unable to rely on principles of equitable estoppel to overcome the fact that the limitations period had passed. Dennis cannot close his eyes and bury his head in the sand and abrogate his responsibility to oversee his finances. This is not a case of an incompetent principal who is wholly reliant on his agent's judgment. To the contrary, Dennis appears intelligent and sophisticated, as evidenced by his ability to recognize that his net worth had plummeted, and then, without the assistance of counsel and while incarcerated, to initiate his state court complaint against Mojica, overcome a demurrer, and seek discovery. The Court finds that

---

[13] Whether the holder of a power of attorney is in fact a fiduciary under federal common law, which determines who qualifies as a fiduciary for the purposes of section 523(a)(4), is an intriguing issue that has not yet been decided by the Fourth Circuit. *See Kubota Tractor Corp. v. Strack (In re Strack)*, 524 F.3d 493, 497, n.6 (4th Cir. 2008) (noting that the Fourth Circuit had yet to determine the "proper contours" of a fiduciary for the purposes of section 523(a)(4)). In any event, the Court need not address this issue in the case at bar. Mojica has never denied that she served in a fiduciary capacity, and Dennis's claim cannot survive the motion to dismiss in either alternative: either the statute of limitation precludes his claim, or the element of fiduciary capacity is lacking.

Dennis's complaint is barred by the statute of limitations and will dismiss his section 523(a)(4) count for failure to state a claim for which relief can be granted.[14]

(c) *Section 523(a)(6)*

<u>Conversion and willful and malicious injury</u>

In Virginia, conversion is defined as (1) any "wrongful assumption or exercise of the right of ownership over goods or chattels belonging to another," and (2) the act is wrongfully exerted "in denial of or inconsistent with the owner's rights." *Economopoulos v. Kolaitis*, 528 S.E.2d 714, 719 (Va. 2000). As an injury to property, a claim for conversion must be brought within five years. Va. Code § 8.01-243(B).[15]

"To assert a claim for conversion, a plaintiff must prove by a preponderance of the evidence (i) the ownership or right to possession of the property at the time of the conversion and (ii) the wrongful exercise of dominion or control by defendant over the plaintiff's property, thus depriving plaintiff of possession." *Airlines Reporting Corp. v. Pishvaian*, 155 F. Supp. 2d 659, 664 (E.D. Va. 2001). Liability for conversion does not require any mental state, and a plaintiff may recover "irrespective of good or bad faith, care or negligence, knowledge or ignorance." *Universal C.I.T. Credit Corp. v. Kaplan*, 92 S.E.2d 359, 365 (Va. 1956).

If, however, "the plaintiff grants permission to the defendant to possess that property," there is no wrongful exercise of dominion or control, and the plaintiff cannot satisfy the second

---

[14] Dennis's complaint in this Court only claims that Mojica "committed defalcations while acting in a fiduciary capacity." ECF Doc. No 23 at 4. Dennis did not plead embezzlement and it is not part of his complaint. In any event, because embezzlement for the purposes of section 523(a)(4) requires fraudulent intent, the same two-year statute of limitations would bar this claim. *See Foreign Affairs Serv., Inc. v. Pittman (In re Pittman)*, 442 B.R. 485, 492 (Bankr. W.D. Va. 2010) (pointing out fraudulent intent component of embezzlement and larceny). Having found that Dennis brought his section 523(a)(4) claim after the statute of limitations had run, the Court need not address the elements necessary to prove defalcation in a fiduciary capacity. That said, Dennis's claim would have been deficient even if he had timely filed the underlying state court action because he failed to allege that Mojica acted with the requisite scienter. *See Bullock v. BankChampaign, N.A.*, 133 S. Ct. 1754, 1759 (2013) (instructing that a debtor cannot be found liable for defalcation unless she understood her actions violated her duty and did them anyway knowing that they were wrong or while behaving in a manner analogous to criminal recklessness).

[15] The statute of limitations for conversion had not run when Dennis filed his state court complaint.

11

prong of the test. *Williams v. Reynolds*, No. 4:06CV00020, 2006 WL 3198968, at *3 (W.D. Va. Oct. 31, 2006). In particular, conversion "cannot be established where the plaintiff grants permission to the defendant" to take control of property under a power of attorney. *Id.*; *see also Hill v. Walker*, No. 13-CV-13097, 2015 WL 5211919, at *15 (E.D. Mich. Aug. 31, 2015) ("But if the agreement authorized the disputed act, such as writing a check on the principal's behalf, then the act is not an exercise of wrongful domain over the principal's property and is not conversion."). If the defendant exceeds her authority under a power of attorney, she may be found liable for conversion. *See Hill*, 2015 WL 5211919, at *15 ("The power of attorney does not immunize the attorney-in-fact from conversion claims."). But if her actions are within the scope of the power of attorney, the defendant cannot be found liable for conversion because she has not "interfere[d] with Plaintiff's interest in the property." *Id.* at *13.

Nevertheless, the elements of conversion in Virginia, on their own, are insufficient to meet the Bankruptcy Code's requirements of willful and malicious injury. In order for a debt to be excepted from discharge pursuant to section 523(a)(6), the defendant must have committed the harm with "the actual intent to cause injury." *Huntington Nat'l Bank v. Aman* (*In re Aman)*, 498 B.R. 592, 607 (Bankr. N.D.W. Va. 2013) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998)). This is a demanding standard because harm resulting from intentional, negligent, or reckless conduct is dischargeable.[16] *See Geiger*, 523 U.S. at 61 ("[N]ondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.") (emphasis in original). Even if the debtor performed an intentional act that harmed the plaintiff, it "does not necessarily mean that [she] acted willfully and maliciously for purposes of § 523(a)(6)." *Duncan v. Duncan (In re Duncan)*, 448 F.3d 725, 728 (4th Cir. 2006); *see also Van*

---

[16] Conversion is a fundamental intentional tort, but in the bankruptcy context this classification is misleading. While tort liability exists for even innocent conversion, let alone negligent or reckless, only willful and malicious conversion satisfies section 523(a)(6).

*Zandt v. Mbunda (In re Mbunda)*, 484 B.R. 344, 358–59 (B.A.P. 9th Cir. 2012), *aff'd*, 604 F. App'x 552 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 198 (2015) (concluding dismissal under Rule 12(b)(6) proper even if debtor acquired money through undue influence and for a wrongful purpose because these allegations were insufficient to show that debtor intended to cause willful and malicious injury at the time he obtained the loan).

To satisfy section 523(a)(6), "the plaintiff must prove three elements by a preponderance of the evidence: (1) that the defendant's actions caused an injury to the plaintiff's person or property, (2) that the defendant's actions were willful, and (3) that the defendant's actions were malicious." *Harrold v. Raeder (In re Raeder)*, 399 B.R. 432, 442 (Bankr. N.D.W. Va. 2009). In essence, the plaintiff must prove an "intentional tort with a subjective standard of intent [to injure]." *KMK Factoring L.L.C. v. McKnew (In re McKnew)*, 270 B.R. 593, 636 (Bankr. E.D. Va. 2001).

For an injury to be willful, the debtor must actually intend to cause injury. *Geiger*, 523 U.S. at 61. If the debtor knows the harm from her intentional act is certain, or is substantially certain to occur, then her conduct is willful. *Aman*, 498 B.R. at 607–08; *see also McKnew*, 270 B.R. at 638–41 (explaining that an actual intent or desire to injure plaintiff is not required, and in fact is quite rare; as long as a court finds that harm was substantially certain to occur from debtor's conversion, then it was willful) (collecting cases). After *Geiger*, courts have consistently found willfulness satisfied by "a wrongful act that is voluntarily committed with knowledge that the act is wrongful and will necessarily cause injury." *McKnew*, 270 B.R. at 637 (quoting *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1207 (9th Cir. 2001)). Malice, on the other hand, requires proof that the debtor committed the intentional act "deliberately and

intentionally in knowing disregard of the rights of another." *First Nat'l Bank of Md. v. Stanley (In re Stanley)*, 66 F.3d 664, 667 (4th Cir. 1995) (citation omitted).

Both willfulness and malice must be pled and proven separately. *Heredia v. Enriguez (In re Enriguez)*, 506 B.R. 114, 118 (Bankr. E.D. Cal. 2014). "Because a debtor will rarely, if ever, admit to acting in a willful and malicious manner, those requirements may be inferred from the circumstances surrounding the injury at issue." *Aman*, 498 B.R. at 608. *Compare McKnew*, 270 B.R. at 641 (finding that the debtor committed a willful and malicious injury when he converted company funds for his own benefit, knew he was not entitled to the money, had no intention of paying anything back, and attempted to conceal his actions from other LLC members), *with Stambaugh*, 533 B.R. at 459 (concluding plaintiffs did not state a plausible claim pursuant to section 523(a)(6) against a debtor who abused his authority as trustee of a family trust because there was "an absence of underlying alleged facts" regarding willfulness and malice).

<u>Dennis failed to state a plausible claim for willful and malicious injury</u>

As before, through the well-pleaded factual allegations of his complaint, Dennis alleges that Mojica moved large sums of his personal funds into her individual accounts. Dennis asks the Court to conclude that these numerous transfers, on their own, satisfy the requirements of section 523(a)(6). The Court is not prepared to do so. To the contrary, the Court concludes that Dennis failed to state a plausible claim for willful and malicious injury to his property because he has failed to make any non-conclusory allegations that Mojica's actions were either willful or malicious.[17]

At the outset, the Court finds that Mojica did not convert Dennis's assets because, as in *Williams* and *Hill*, her actions were authorized by the general power of attorney Dennis bestowed

---

[17] In paragraph 19 of his complaint, Dennis claims simply that Mojica willfully and maliciously injured him by making the multiple financial transfers. ECF Doc. No. 23 at 4. This is a conclusory statement devoid of facts from which the Court can find willfulness or maliciousness.

14

upon her.[18] Mojica's lawful behavior pursuant to the power of attorney protects her from having exercised wrongful dominion or control over Dennis's property, and thus she cannot be found liable for conversion in Virginia as a matter of law. Dennis's arguments that he never requested or consented to Mojica's liquidation of his possessions miss the mark. The very language of the power of attorney reveals that Mojica had his express authority to take whatever action she deemed necessary regarding his finances. That Dennis has grown to regret his decision in selecting Mojica as his attorney-in-fact is unfortunate, but that is all it is.[19]

What is more, even if Dennis's allegations of conversion somehow survive the plain text of the power of attorney and satisfy the injury element of section 523(a)(6), his complaint is devoid of allegations that Mojica harmed him willfully and maliciously. During his oral argument, counsel for Dennis said that the Court could imply willfulness and malice from the complaint's factual allegations. But the Court cannot make this logical leap when Dennis's complaint lacks any factual allegations about Mojica's intent. At best, Dennis has alleged that Mojica performed acts that deprived him of his property. Even if these facts reveal that Mojica acted with an improper purpose, the Court concludes that, just like in *Mbunda* and *Stambaugh*, Dennis failed to plead facts showing that Mojica actually intended to harm him or that she made the various transfers without just cause and with knowing disregard of his rights. Even if the

---

[18]    Mojica made some transfers in early 2008—before Dennis executed the power of attorney—after Dennis gave her online access to some of his accounts. This distinction has no effect on the disposition of this case, as the Court more fully explains below.

[19]    The fact that the Virginia legislature has set a two-year statute of limitations for claims for breaches of fiduciary duty and a longer, five-year statute of limitations for conversion may be explained by the heightened duties, burdens, and responsibilities the law places upon those acting in a fiduciary capacity. Like Judge Ludwig, who refused to allow a claim for breach of fiduciary duty to be disguised as a contract action, this Court will not permit Dennis to masquerade the same allegation as a conversion count and supersede the fact that he allowed the statute of limitations to run.

Court were to accept that Mojica used Dennis's assets for her own personal enjoyment, this too falls short of alleging that she did so willfully and with malice.

At bottom, the Court finds it implausible that Mojica harbored actual intent to hurt Dennis when she transferred his money, and then turned around and married him. Bankruptcy courts are no strangers to broken marriages and bitter feelings between former spouses, but the fact that a once blooming relationship has turned sour does not mean that it was like that at the start. The Court finds that Dennis has failed to plead a plausible claim for relief and will dismiss his allegation that Mojica inflicted a willful and malicious injury to his property.

(d) *The Court will deny leave to amend*

Having concluded that Dennis has failed to state a plausible claim for relief pursuant to section 523(a)(4) and section 523(a)(6), the Court further finds that affording Dennis another chance to amend his complaint would be an exercise in futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that it is proper to deny leave to amend if the amendment would be futile); *accord Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc). In making this determination, the Court reviewed all the new documents Dennis submitted with his response in opposition to Mojica's Rule 12(b)(6) motion. In particular, nothing in Dennis's declaration or Mojica's deposition testimony from the parties' divorce proceeding could allow the Court to plausibly conclude that Mojica acted in a willful and malicious manner, and the Court has already determined that the financial account histories are duplicative of Dennis's well-pleaded allegations. While it may be conceivable that Mojica knew that her manipulation of her future husband's funds was wrong and would harm him, it is not plausible. It would be improper for the Court to delay Mojica's fresh start in order to keep alive a claim that is speculative at best. The Court denies Dennis leave to amend.

## CONCLUSION

For the foregoing reasons, the Court finds that Dennis has failed to plead a plausible claim for relief under either section 523(a)(4) or (a)(6). Accordingly, the Court grants Mojica's motion to dismiss Dennis's second amended complaint.

The Court will contemporaneously issue an order consistent with the findings and ruling of this opinion.

Entered: December 9, 2015

*/s/ Rebecca B. Connelly*
Rebecca B. Connelly
U.S. Bankruptcy Judge